# United States Court of Appeals for the Fifth Circuit

———————

No. 25-60092
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jarvis Hood,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:23-CR-116-3

———————

Before Jones, Ho, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jarvis Hood challenges the sufficiency of the evidence supporting his conviction for conspiring to traffic firearms, in violation of 18 U.S.C. §§ 371, 922(a)(5), and 924(a)(1)(A). Specifically, he argues that the Government failed to prove that, at the time he completed the required paperwork to purchase the firearms, he had entered into an agreement with any person to make a false statement in violation of § 924(a)(1)(A). Additionally, he argues

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60092

that the Government failed to prove that any alleged falsity on the paperwork occurred in furtherance of the conspiracy.

Our review is de novo because Hood adequately preserved the issue, and we give substantial deference to the jury's verdict. *See United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013); *United States v. Valuck*, 286 F.3d 221, 224–25 (5th Cir. 2002). We ask "whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Chon*, 713 F.3d at 818 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)). During the trial, the Government presented evidence that included testimony from law enforcement officers and co-conspirators, video evidence from an Academy Sports store, as well as recovered text messages. Based on the trial evidence presented, a rational factfinder could have found that the Government proved the essential elements of the offenses beyond a reasonable doubt. *See Chon*, 713 F.3d at 818; *see also United States v. Tinghui Xie*, 942 F.3d 228, 240 (5th Cir. 2019).

AFFIRMED.